DLD-177                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3995
_____

ELMER RODRIGUEZ,
                              Appellant

v.

ELIZABETH NICHOLS, Dauphin County Prison Warden
in Lieu of the Department of Correction;
ARAMARK, in Lieu of the Department of Correction Supervisors
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 1:12-cv-00629)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
Or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013
Before:  AMBRO, SMITH and CHAGARES, <u>Circuit Judges</u>

(Opinion filed April 18, 2013)
_____

OPINION
_____

PER CURIAM

     Elmer Rodriguez appeals from the District Court's order dismissing his complaint.  For

the following reasons, we will summarily affirm.

I.

Rodriguez, who at the time was incarcerated at the Dauphin County Prison, filed a civil rights complaint, see 42 U.S.C. § 1983, in the District Court for the Middle District of Pennsylvania against Elizabeth Nichols, the prison warden, and Aramark, the prison's food supplier. Rodriguez alleged that Defendants violated his Eighth Amendment rights by serving him food containing "rodent body parts."

The Magistrate Judge concluded at screening that the complaint failed to state a viable claim but granted Rodriguez leave to file an amended complaint. Subsequently, the Magistrate Judge recommended dismissal of the amended complaint, determining that the allegations failed to state a § 1983 claim because Rodriguez (1) alleged only a single instance of contamination of his food, (2) suggested the Warden took appropriate actions after the incident, and (3) alleged no facts suggesting that a policy or custom of Aramark caused a violation of his rights. Over Rodriguez's objections, the District Court adopted the Magistrate Judge's recommendation and dismissed the amended complaint pursuant to 28 U.S.C. § 1915(e)(2). Rodriguez timely appealed.

II.

We have jurisdiction over this appeal under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's dismissal. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

At bottom, Rodriguez's complaint is premised on a one-time adulteration of his food, which he believes constitutes cruel and unusual punishment. He is mistaken. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "[A]n accident or inadvertence or mere negligence does not [in itself] trigger the Eighth Amendment." Grabowski v. Jackson Cnty. Pub. Defenders Office, 47 F.3d 1386, 1395 n.12 (5th Cir. 1995) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). Rodriguez's complaint did not plausibly allege anything more than simple negligence, if that.

Rodriguez claimed that the Warden failed to implement and enforce a policy of proper food safety and that she had admitted responsibility after the incident by directing that new measures be taken. Tellingly, however, Rodriguez did not point to any facts suggesting that, prior to the incident, either Defendant was aware of and disregarded an excessive or substantial risk to him. Perhaps Rodriguez was suggesting that Defendants, as employers, should be held liable for the unusual one-time event he described. Liability, however, requires personal participation in unlawful conduct and "cannot be predicated solely on the operation of *respondeat superior.*" Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, Rodriguez has not plausibly alleged that Defendants at any time had a policy or custom of serving contaminated food. At all events, Rodriguez's allegations simply do not rise to the standard necessary to sustain an Eighth Amendment claim. See, e.g., Farmer, 511 U.S. at 837.

3

For the reasons given, the District Court properly dismissed Rodriguez's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.