**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4714
_____

WENDELL E. HALL, SR.,

Appellant

v.

E.I. DU PONT DE NEMOURS AND COMPANY
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-11-cv-01278)
District Judge:  Honorable Leonard P. Stark
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2014

Before: CHAGARES, KRAUSE and SLOVITER, Circuit Judges

(Opinion filed: October 3, 2014)
_____

OPINION
_____

PER CURIAM

     Wendell E. Hall, proceeding pro se, appeals from the District Court's order

granting the defendant's motion for summary judgment.  For the reasons that follow, we

will affirm.

## I.

Hall is a former employee of E. I. du Pont de Nemours and Company ("DuPont"). He was hired in 1977, and he retired in August 2009. Hall filed a complaint against his former employer, alleging that DuPont (1) discriminated against him on the basis of race when it failed to promote him or pay him as a supervisor during a time when he was allegedly performing supervisory work (the "promotion claim"), and (2) denied his request to retire under a Career Transition Plan (the "retirement claim"). Following discovery, DuPont filed a motion for summary judgment. The District Court, having determined that Hall's claims were both untimely raised and unsuccessful on the merits, granted the motion. Hall timely appealed.[1]

## II.

We exercise plenary review over a grant of summary judgment and "employ the same standard as applied below." DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). That is, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In reviewing the grant of summary judgment, we must affirm if the record evidence submitted by the non-movant is merely colorable or is not significantly probative." DeHart, 390 F.3d at 267-68 (citation and internal quotation marks omitted).

---

[1] We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291. We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

2

Upon review, we agree with the District Court that Hall's promotion claim was untimely filed with the Equal Employment Opportunity Commission ("EEOC") as well as the District Court. Pursuant to Title VII of the Civil Rights Act of 1963, a plaintiff who "initially instituted proceedings with a State or local agency" has 300 days from the date of the alleged discriminatory actions to file a charge of discrimination with the EEOC, and ninety days to file a complaint after receiving a right-to-sue notice from the EEOC. 42 U.S.C. §§ 2005e-5(e), (f)(1). Hall alleged that he was denied a promotion on the basis of race up to, and including, April 2009. According to his EEOC charge form, he was aware of the facts underlying his claim by at least May 20, 2009, which he indicated was the date on which he submitted a letter of resignation in response to the "elevat[ion] of a non-Black peer" when he was not promoted. Dkt. No. 32-1, at 49. The 300-day period thus ended on March 16, 2010. Accordingly, the EEOC claim that Hall filed on October 8, 2010, was untimely.[2] The subsequent lawsuit was also untimely. The right-to-sue notice was dated January 25, 2011, but Hall's complaint was not filed until December 22, 2011, 330 days later.

The District Court correctly determined that Hall was not entitled to equitable tolling with respect to the promotion claim. Equitable relief from a statute of limitations is appropriate in three principal situations: "(1) where the defendant has actively misled

---

[2] While the completion of an intake questionnaire can sometimes satisfy the requirement that a charge must be filed within the statutory period, see Fed. Express Corp. v. Holowecki, 552 U.S. 389, 404 (2008) (holding that an intake questionnaire could constitute a charge under the Age Discrimination in Employment Act in some instances), no such questionnaire was produced in this litigation.

the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994). A plaintiff seeking to invoke equitable tolling on the first ground must show "that he or she could not, by the exercise of reasonable diligence, have discovered essential information bearing on his or her claim." Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) (citation and internal quotation marks omitted). Hall did not allege that he was prevented from asserting his rights or that he asserted them in the wrong forum. Rather, he claimed to be eligible for equitable tolling because he had no reason to suspect discrimination at the time of the event at issue, and because DuPont misrepresented relevant facts. As mentioned above, however, Hall clearly suspected discriminatory and unfair treatment in May 2009. Even if the 300-day period was tolled until that date, his charge would still have been untimely. Hall did not give any explanation for his failure to file suit within ninety days after the EEOC issued its right-to-sue letter. The District Court was therefore correct in concluding that equitable tolling was not applicable and would not affect the timeliness of Hall's charge.

We agree with the District Court that Hall's retirement claim was also untimely filed. Hall clearly had notice of the alleged differential treatment between those in the Retirement Transition Program ("RTP") and those in the CTP, as evidenced by his letter

to a DuPont human resources employee regarding this situation on February 1, 2010.[3]

His charge regarding this situation was filed on April 14, 2011, over a year from the date

of his letter.[4] Therefore, the District Court's determination that the charge was untimely

filed, and the resulting grant of summary judgment in favor of DuPont, was correct.[5]

The District Court concluded that even if Hall's claims were timely, they would

fail on the merits. We agree. Hall's Title VII discrimination claim is analyzed according

to the McDonnell Douglas burden-shifting framework. See McDonnell Douglas Corp. v.

Green, 411 U.S. 792, 802 (1973). Under the McDonnell Douglas framework, Hall bore

the initial burden of establishing a prima facie case of a Title VII violation by showing

that: (1) he is African American; (2) he was qualified for the position; (3) he experienced

---

[3] RTP is a voluntary retirement program for employees whose business units are experiencing a slowdown. Once an employee elects to participate in this program, he must retire and then return as a limited service employee ("LSE"). After becoming an LSE, the employee can work up to 999 hours at his former pay rate and then go "off roll" permanently. CTP is not a voluntary program, but it is a benefits and transition program for those whose jobs are permanently going away following a selection process that determines whose positions will be eliminated. See Dkt. 32-1, at 27.

[4] Hall argued that the retirement claim he filed with the EEOC on April 14, 2011, was simply an addition to his original filing, dated October 8, 2010. He claimed that he filed it separately because all of his contentions would not fit on a single charge form. The District Court found it to be a second, separate charge, however, because each charge was assigned a separate case number by the EEOC, and because separate notices of right to sue were issued, on different dates, for each case. Given the lapse of six months between the two submissions, and the fact that Hall was aware of the alleged discrimination in the handling of his retirement at the time he filed the first charge, we agree with the District Court's determination.

[5] Hall contended that his claims were timely pursuant to the doctrine of equitable estoppel, the Equal Pay Act, and the Lilly Ledbetter Fair Pay Act. We agree with District Court's rejection of these theories, for the reasons given in its opinion. See Dkt. No. 49, at 14-15. Furthermore, nothing in the record supported the application of equitable tolling, nor would equitable tolling have saved this claim.

5

an adverse employment action; and (4) similarly situated persons who are not African American were treated more favorably. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999). If he succeeded, the burden would then shift to the defendants to "articulate some legitimate, nondiscriminatory reason" for its decision. See McDonnell Douglas, 411 U.S. at 802. Hall would then need to prove by a preponderance of the evidence that the reason offered by the defendant for its decision was merely pretextual. See id. at 804; Jones, 198 F.3d at 410.

We agree with the District Court that Hall did not establish a prima facie case of discrimination in his promotion claim, as he did not demonstrate that a similarly situated individual outside of his protected class received more favorable treatment. It was undisputed that the person who performed the same duties in the DMFC group immediately prior to Hall was Caucasian, was not given the title of supervisor, and did not receive a supervisor's salary. It was further undisputed that the DMFC group did not staff a first line supervisor or promote anyone to such a position during the relevant time period. Without this element of a prima facie claim, it was proper for the District Court to grant summary judgment in favor of defendants.

We also agree with the District Court that Hall did not state a prima facie claim of discrimination with respect to his retirement claim. Hall was not able to show that a genuine issue of material fact existed with respect to whether any similarly situated person, not a member of a protected class, received CTP benefits in the spring of 2009. Nor did he name any employee who requested RTP benefits but was later allowed to

6

switch to CTP benefits. Hall suggested that Barry Connolly, who also worked in the fuel cell business, had retired voluntarily but was later permitted to receive CTP benefits. The record established, however, that while Connolly had announced in the fall of 2009 his intention to retire in March 2010, he then took an extended vacation and had not yet retired at the time the CTP program was announced in December of 2009. As Hall had already officially retired months prior to the announcement of CTP, he and Connolly were not similarly situated.

We further agree with the District Court that even if Hall had established a prima facie claim of discrimination with respect to his retirement claim, DuPont successfully articulated a legitimate, nondiscriminatory reason for not granting him CTP benefits. Hall did not dispute the fact that had he stayed in his position instead of retiring in August of 2009, he would have been eligible to participate in the CTP, and would "most likely" have been selected. See Appellee's Supplemental Appendix, at 144-45. He contended that because his job duties had become routine and menial, his position had been effectively eliminated and therefore he should have been eligible for CTP benefits. Hall offered no evidence to suggest that DuPont delayed the offer of CTP in order to discriminate against him on the basis of race, however, and his bare assertion was not sufficient to prevent the grant of summary judgment in favor of DuPont.

### III.

For the foregoing reasons, we will affirm.

7