**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3832
_____

ROBERT MILNES,
                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-17-cv-04222)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 23, 2018

Before: JORDAN, RESTREPO and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Robert Milnes appeals from the District Court's order dismissing his amended complaint sua sponte for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, we will affirm.

I.

In his amended complaint and related filings, Milnes alleged that he has been a declared candidate and a voter in the past four U.S. presidential elections. Milnes alleged that the U.S. electoral system violates the Equal Protection Clause and has caused him to suffer injuries including "complete waste of time, effort, campaign funds etc. in that any/all third party independent efforts are doomed to near complete failure." Milnes alleged that the Electoral College and the "plurality/single member district…results in a two party dominated system, which is unfair and unrepresentative." Milnes sought an injunction requiring all states to place the "top ten" candidates "on all ballots," a declaration that the Electoral College is null and void, and a declaration "that there is a Constitutional Right to vote."

The District Court dismissed the complaint sua sponte for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B). This appeal ensued. On appeal, Milnes argues that the District Court erred "by not ruling on the complete complaint" because it did not address Milnes' request for a declaration regarding the right to vote.

II.

We have jurisdiction under 28 U.S.C. § 1291. We review dismissal pursuant to 28 U.S.C. § 1915 under the same de novo standard of review as with our review of a motion

2

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See generally Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We may affirm on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Because Milnes failed to establish standing, the District Court properly dismissed the amended complaint for failure to state a claim.  To establish Article III standing, a plaintiff must demonstrate: (1) an injury-in-fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood that the injury will be redressed by a favorable decision.  See Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014); Finkelman v. Nat'l Football League, 810 F.3d 187, 193 (3d Cir. 2016).  For there to be an injury-in-fact, a plaintiff must claim "the invasion of a concrete and particularized legally protected interest" resulting in harm "that is actual or imminent, not conjectural or hypothetical."  Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 278 (3d Cir. 2014) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

The Supreme Court has "'consistently held that a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more

directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.'" Lance v. Coffman, 549 U.S. 437, 439 (2007) (quoting Lujan, 504 U.S. at 573–74); see also Warth v. Seldin, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.") (citation omitted).

In addition to the Article III requirements, the federal judiciary "has also adhered to a set of prudential principles that bear on the question of standing," including: (1) the plaintiff generally must assert his own legal rights, not those of third parties; (2) courts will not adjudicate abstract questions of wide public significance which amount to generalized grievances shared and most appropriately addressed in the representative branches; and (3) the plaintiff's complaint must fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. Miller v. Nissan Motor Acceptance Corp., 362 F.3d 209, 221 (3d Cir. 2004) (citations and internal quotation marks omitted).

Here, Milnes failed to establish standing because he cannot show an injury particularized to him. His claims constitute generalized grievances about government and the U.S. electoral system, which are widely shared and would be most appropriately addressed in the representative branches. See Lujan, 504 U.S. at 573–74; Miller, 362 F.3d at 221.

Accordingly, we will affirm the judgment of the District Court. Milnes' motion for "sua sponte summary judgment" is denied.