**CLD-165**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3719
_____

SAMUEL ROSS,
                    Appellant

v.

CLERK OF COURTS OF THE COURT OF COMMON PLEAS OF PHILADELPHIA,
PENNSYLVANIA; D. JUGLE, Prothonotary of the Office of Judicial Records;
C. FORTE, Prothonotary of the Office of Judicial Records Pennsylvania
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-05012)
District Judge:  Honorable Juan R. Sanchez
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2018
Before:  CHAGARES, GREENAWAY, Jr., and GREENBERG, Circuit Judges

(Opinion filed:  June 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Samuel Ross appeals pro se from the District Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We will summarily affirm because no substantial question is presented by this appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Ross, an inmate confined at the State Correctional Institution at Somerset, filed this pro se civil rights action pursuant to 28 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis, in the United States District Court for the Eastern District of Pennsylvania. Ross alleged that defendants violated his right to access the courts under the First and Fourteenth Amendments by failing to timely mail a motion submitted by Ross pertaining to an ongoing medical malpractice suit. By order entered November 16, 2017, the District Court granted Ross leave to proceed in forma pauperis and dismissed his complaint under § 1915(e)(2)(B). The Court held that Ross had failed to state a claim under § 1983 since Ross was unable to show actual injury because he did not demonstrate that he had no other remedy available to him. The Court found that Ross had a pending petition for allowance of appeal with the Supreme Court of Pennsylvania in his medical malpractice action and therefore he had an alternative remedy to address any injury. Ross appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of the District Court's sua sponte dismissal under § 1915(e)(2)(B) for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "[W]e accept all factual allegations as true [and] construe the complaint in the light most favorable to the

2

plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court that Ross has failed to state a claim under § 1983. In order to state a claim of the denial of access to the courts, a prisoner such as Ross must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). On appeal, Ross argues that the Supreme Court of Pennsylvania denied his petition for allowance of appeal on February 6, 2018, and therefore he is able to show both actual injury and that he has no other remedy other than the present suit. However, as a prisoner, Ross' right of access to the courts does not extend to his medical malpractice action. "[P]risoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Lewis, 518 U.S. at 354–55). "In other words, a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim." Simmons v. Sacramento Cnty. Super. Ct., 318 F.3d 1156, 1160 (9th Cir. 2003). Because Ross' medical malpractice action is not related to his criminal sentence or conditions of confinement, he has failed to state an access to the courts claim under § 1983 and we will affirm the judgment of the District Court.