ALD-170                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3602
_____

OMAR FOLK,
                                        Appellant

v.

PRIME CARE MEDICAL; DAUPHIN COUNTY PRISON; PERRY COUNTY
PRISON; ATTORNEY GENERAL OF PENNSYLVANIA; DAVID E. YEINGST;
DOMINICK DEROSE; P.A. TONYA SCHISLER; LPN TOM TOOLAN; DR.
MATTHEW LEGAL; LT. TWIGG; SGT. KELLER; THOMAS LONG; CITY OF
HARRISBURG; PERRY COUNTY CITY; HEIDI R. FREESE; DAUPHIN COUNTY;
C.O. CHARLES DONBAUGH; P.A. YOUNG; BOARD CHAIRMAN; PERRY
COUNTY PRISON; CHAD CHENET; PERRY COUNTY PRISON BOARD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:13-cv-00474)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2019

Before:  McKEE, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: June 18, 2019)
_____

OPINION*
_____

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Omar Folk, proceeding in forma pauperis, appeals from the District Court's denial of his motion for reconsideration. For the reasons that follow, we will summarily affirm the District Court's judgment.

In February 2013, Folk filed a complaint in the District Court alleging a series of claims about his medical care while he has been incarcerated, access to the prison law library, and his public defender's actions in a criminal case. The District Court ultimately dismissed all of Folk's claims with prejudice for failure to state a claim and denied his motions for reconsideration. We affirmed the District Court's judgment on July 10, 2018.

Soon after, Folk filed another motion for reconsideration in the District Court. Folk primarily restated and added to the allegations he had previously made and discussed several new unrelated incidents regarding his medical care. Additionally, Folk maintained that the medication he was taking somehow prevented him from fully explaining his allegations during the five years that his case and his previous appeal were pending. The District Court denied his motion. Folk timely appealed.[1]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the denial of a motion for reconsideration for abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm a district court's decision "on any basis supported by the record" if the

_____

[1] Folk also moves to consolidate this appeal with his earlier appeal at C.A. No. 18-1352.

appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not abuse its discretion in denying Folk's motion, as it was not based on a proper ground for reconsideration, such as an intervening change in law, newly discovered evidence, or "the need to correct a clear error of law or fact or to prevent manifest injustice."  See Max's Seafood Café, 176 F.3d at 677.  Rather, Folk's motion relied on allegations that he either already made or could have made in the District Court and in his prior appeal.  Accordingly, we will summarily affirm the District Court's judgment.[2]

---

[2]  Additionally, we deny Folk's motion to consolidate.