BLD-247                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1378
_____

TIMOTHY LEE HATTEN,
                                        Appellant

v.

WARDEN BRYAN E. BLEDSOE,
Warden, Lewisburg Federal Penitentiary;
BOP OFFICER JORDAN TRIEBLEY;
BOP OFFICER J. FOSNOT;
BOP OFFICER R. MILLER;
BOP OFFICER TY CRAWLEY;
BOP OFFICER WILLIAM ZEGARSKI;
BOP OFFICER DAVID BREWER;
BOP OFFICER LEISENFIELD;
BOP OFFICER JOHN DOE;
BOP OFFICER RICHARD DOE;
FEDERAL BUREAU OF PRISONS,
and various unknown agents and employees
of the Federal Bureau of Prisons whose names and addresses
are unknown and undiscoverable at this time;
UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-13-cv-00209)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

August 1, 2019

Before: AMBRO, KRAUSE and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2019)
_____

OPINION*
_____

PER CURIAM

Pro se appellant Timothy Hatten appeals from the District Court's order granting summary judgment to the defendants in an action that Hatten brought pursuant to <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971), the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671–80, and state tort law. For the reasons discussed below, we will summarily affirm.

I.

Because we write primarily for the parties, we will recite only the facts necessary for our discussion. At the time relevant to this matter, Hatten was a federal prisoner who was incarcerated at USP Lewisburg in Pennsylvania. In January 2013, represented by counsel, Hatten filed a complaint in the District Court, alleging that the defendants placed him in painful restraints for a prolonged period of time following two incidents in July 2011.

The record shows that defendant Miller, who was a lieutenant at USP Lewisburg, went to Hatten's cell around 1:30 p.m. on July 16, 2011, to escort Hatten to the shower.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Because there was an altercation between Hatten and another correctional officer who was attempting to place Hatten in hand restraints, Miller sought and obtained authorization to place Hatten in ambulatory restraints pursuant to the Federal Bureau of Prisons' (BOP) use of force policy. Hatten submitted to the application of those restraints without incident, but has maintained that the defendants were restraining him, in part, in retaliation for his having filed various lawsuits and grievances. After the restraints were applied, the correctional staff, lieutenants, health services, and psychology services performed periodic restraint checks in accordance with BOP policy. Around 4:00 p.m. on July 17, 2011, correctional staff determined that Hatten had regained control of himself and removed the restraints. Hatten complained of nerve pain and scarring from the restraints.

A similar incident occurred on July 25, 2011, when Hatten was being escorted from the video visiting room to his cell. After Hatten stated that he refused to return to his cell and threatened to harm his cellmate, correctional officers sought and obtained authorization to place Hatten in ambulatory restraints pursuant to BOP policy. Hatten submitted to the restraints without incident. Correctional staff performed periodic restraint checks until it was determined, approximately five hours after Hatten was placed in restraints, that they could be removed because Hatten had regained control of himself.

The defendants produced records of 174 administrative remedies that Hatten filed between the July 16, 2011 incident and the January 2013 filing of Hatten's complaint. The records indicated that Hatten properly exhausted only nine remedies, but none of

3

them mentioned the use of retaliatory force or excessive restraints by any of the defendants during the incidents on July 16, 2011, and July 25, 2011.

The District Court granted the defendants' motion to dismiss in part, substituting the United States as the proper defendant for Hatten's FTCA claims, dismissing the FTCA claims for "malpractice," and dismissing the Bivens claims against Warden Bledsoe. The District Court also entered partial summary judgment in favor of some of the defendants on the Bivens claims.

After discovery, the remaining defendants moved for summary judgment. In August 2017, the District Court stayed the proceedings because Hatten's counsel had died. The District Court appointed pro bono counsel for Hatten and reopened discovery in December 2017. In March 2018, the defendants renewed their motions for summary judgment. After obtaining two extensions of time to file an opposition, Hatten requested that his appointed counsel withdraw. On June 1, 2018, the District Court permitted counsel to withdraw and provided Hatten a "final" extension of time until June 15, 2018, to file his opposition to the summary judgment motions. Hatten filed responses on June 28, 2018, and on July 26, 2018. In January 2019, adopting the Magistrate Judge's December 2018 report and recommendation, the District Court granted summary judgment to the remaining defendants.

The District Court determined that the remaining defendants were entitled to summary judgment on the Bivens claims because Hatten had failed to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act (PLRA), see 42 U.S.C. § 1997e(a). The District Court granted summary judgment to the United

4

States on the remaining FTCA claims, determining that the claims were barred by the discretionary-function exception to the FTCA. The District Court declined to exercise supplemental jurisdiction over the remaining state law claims.

After the District Court entered its January 2019 order granting summary judgment to the defendants, Hatten filed a motion for reconsideration and objections to the Magistrate Judge's report. The District Court granted the motion for reconsideration for purposes of considering the objections, but the District Court otherwise denied the motion. This appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). "We generally review the District Court's denial of reconsideration for abuse of discretion." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm on any basis supported by the record if the appeal fails

5

to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir.

2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

III.

The District Court properly dismissed Hatten's Bivens claims against the BOP, as

federal agencies are shielded by sovereign immunity absent an explicit waiver.  See FDIC

v. Meyer, 510 U.S. 471, 475 (1994).  The District Court's substitution of the United

States as the defendant for Hatten's FTCA claims was also proper, as the "Government is

the only proper defendant in a case brought under the FTCA."  CNA v. United States,

535 F.3d 132, 138 n.2 (3d Cir. 2008).  And the District Court correctly dismissed the

claims against Warden Bledsoe, as Hatten failed to allege that Bledsoe had any "personal

involvement in the alleged wrongs."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.

1988).

We agree with the District Court that Hatten failed to exhaust available

administrative remedies for his Bivens claims.[1]  The PLRA requires prisoners to exhaust

available administrative remedies before bringing a suit alleging unconstitutional conduct

by prison officials.  See 42 U.S.C. § 1997e(a); Nyhuis v. Reno, 204 F.3d 65, 68 (3d Cir.

2000) (noting that § 1997e(a) "applies equally to § 1983 actions and to Bivens actions")

(citation omitted).  As "proper exhaustion of administrative remedies is necessary" to

fulfill the PLRA's exhaustion requirement, an untimely or otherwise procedurally

---

[1] We need not address the District Court's alternative grounds for ruling on Hatten's
Bivens claims against the individual defendants, as we may affirm on the basis that
Hatten failed to exhaust those claims.

6

defective administrative grievance or appeal does not satisfy the exhaustion requirement. Woodford v. Ngo, 548 U.S. 81, 84 (2006); see also Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004). Here, most of the remedies that Hatten filed could not satisfy the exhaustion requirement because they were rejected as procedurally defective. As for the nine remedies that Hatten properly exhausted, none "alert[ed] the prison to the nature of the wrong for which redress is sought." Mack v. Warden Loretto FCI, 839 F.3d 286, 295 (3d Cir. 2016) (quotation marks and citation omitted). Specifically, those remedies failed to mention the use of retaliatory force or restraints by any of the defendants during the incidents on July 16, 2011, and July 25, 2011. Thus, Hatten failed to exhaust his Bivens claims.[2]

We also agree with the District Court that Hatten's FTCA claims against the United States are barred by the discretionary function exception to the FTCA, see 28 U.S.C. § 2680(a).[3] To determine if the discretionary-function exception applies, a court must consider first whether the challenged conduct "involves an element of judgment or choice." Mitchell v. United States, 225 F.3d 361, 363 (3d Cir. 2000) (quotation marks and citation omitted). If a statute or a regulation prescribes a particular cause of action

---

[2] As Hatten submitted 174 administrative remedies, successfully exhausted nine, and presented no evidence that would support a finding that he was thwarted from exhausting any remedy related to his Bivens claims here, there is no basis to find that administrative remedies were unavailable to him. Cf. Ross v. Blake, 136 S. Ct. 1850, 1860 (2016); Rinaldi v. United States, 904 F.3d 257, 268–69 (3d Cir. 2018).

[3] Hatten's "malpractice" claims were pleaded in the same section of his complaint as his FTCA claims for general negligence, and they were all effectively the same claims, as they were based on Hatten's allegations that restraints were applied improperly. Thus, we may affirm the District Court's judgment on all of Hatten's FTCA claims, including his "malpractice" claims, based on the discretionary function exception.

7

for an employee to follow, then the first part of the test is not met. Id. If it is met, a court must then determine whether the discretionary function exception was designed to shield the type of judgment or choice at issue. Id.

The United States owes a duty of care to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(2); see also 28 C.F.R. § 552.20 et seq. (relating to the use of force and restraints against inmates). For the reasons given and the authorities cited by the District Court, see, e.g., Calderon v. United States, 123 F.3d 947, 950–51 (7th Cir. 1997), the relevant statute and regulations here afford the BOP discretion in deciding how to best protect and restrain inmates, and the judgment involved is the type of judgment that the exception was designed to shield. Thus, Hatten's FTCA claims are barred by the discretionary-function exception.

Because Hatten's federal Bivens and FTCA claims could not survive summary judgment, the District Court was well within its discretion to dismiss without prejudice the remaining state law claims. See 28 U.S.C. § 1367(c)(3); Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000).

Finally, after reopening the matter to consider Hatten's objections, the District Court properly denied the substance of Hatten's motion for reconsideration, as he failed to establish "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, 176 F.3d at 677. Hatten's

8

objections merely repeated his previous arguments in opposition to the summary judgment motions. Hatten also argued that the District Court erred in permitting his counsel to withdraw without a hearing and in denying Hatten a further extension of time to oppose summary judgment. But a hearing was unnecessary, as both Hatten and his counsel agreed in their filings that withdrawal was appropriate.[4] And a further extension of time was not warranted, as the District Court did not rule on the summary judgment motion until six months after the "final" deadline expired, the District Court considered the documents that Hatten filed after the deadline, and he failed to indicate how he would have opposed the summary judgment motion if given additional time. Under these circumstances, the District Court properly denied the motion for reconsideration.

For the foregoing reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[4] We note that Hatten indicated his wish to proceed without counsel and that he did not file a motion for appointment of new counsel. Cf. Houser v. Folino, 927 F.3d 693, 698 (3d Cir. 2019) (discussing proper treatment of successive requests for appointment of counsel after appointed counsel had withdrawn).

9