NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1970
_____

MATTHEW S. PARKER,
Appellant

v.

BUTLER COUNTY, Pennsylvania; GLORIA SCHWEITZER, Quality Mental Health
Professional; WEXFORD HEALTH SOURCES INC.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00911)
Magistrate Judge:  Honorable Lisa P. Lenihan
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 8, 2020

Before: RESTREPO, MATEY and SCIRICA, Circuit Judges

(Opinion filed October 26, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Matthew Parker, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order granting summary judgment in favor of several defendants in an action that he brought pursuant to 42 U.S.C. § 1983. For the reasons discussed below, we will summarily affirm.

I.

On February 27, 2018, Parker underwent a medical intake screening at Butler County Prison. He indicated that he had prescriptions for two medications, Prozac and Lisinopril, on file with a pharmacy in Florida. On February 28, prison officials were able to fill the prescription for Lisinopril only. On March 1, Parker was informed that his pharmacy could not verify the prescription for Prozac, and that he could either provide more information regarding a valid prescription or schedule a medical visit to get a new prescription. Parker requested a new prescription and was evaluated by Gloria Schweitzer, a licensed therapist, on March 7. Based on Parker's responses to a questionnaire, Schweitzer (who is not licensed to prescribe medication) placed a referral to Dr. Galum Noorani, M.D. On March 16, Dr. Noorani evaluated Parker and prescribed Prozac, which was administered to Parker on March 17.

In July 2018, Parker filed a complaint in the District Court, naming Schweitzer, Butler County, and the Butler County Prison's medical provider, Wexford Health Sources, Inc. ("Wexford"), as defendants. Parker alleged that the defendants violated his civil rights by delaying his Prozac prescription for approximately 20 days. He claims that Schweitzer made demeaning comments about the delay, telling Parker to "deal with it" and "get over it" because "this is jail," and saying "screw you sicko." Parker maintains

that he suffered withdrawal symptoms including severe headaches, mood swings, depression, and anxiety.

The District Court granted the defendants' motion to dismiss in part and dismissed Parker's claims for declaratory and injunctive relief as moot because Parker was transferred from Butler County Prison to SCI-Houtzdale. The District Court also dismissed all claims against Butler County, determining that Parker failed to state a plausible claim that Butler County was liable for any of the alleged wrongdoing. The District Court permitted the remaining claims against Schweitzer and Wexford to proceed. After discovery, the District Court granted summary judgment in favor of Schweitzer and Wexford. This appeal ensued.

II.

We have jurisdiction under 28 U.S.C. § 1291. "We review district court decisions regarding both summary judgment and dismissal for failure to state a claim under the same de novo standard of review." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We may summarily affirm a district court's order if the appeal

3

fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

## III.

To succeed on his medical needs claim, Parker was required to "make (1) a subjective showing that the defendants were deliberately indifferent to [his] medical needs and (2) an objective showing that those needs were serious."  Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quotation marks and citation omitted).[1] Prison officials "act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'"  Id. (quoting Estelle v. Gamble, 429 U.S. 97, 104–05 (1976)).  When medical treatment is provided, "we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."  Pearson, 850 F.3d at 535 (citing Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[I]t is well established that as long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights")).

---

[1]  It appears that Parker was a pre-trial detainee during the relevant time periods in his complaint.  While that affects the source of his constitutional right, it does not dramatically affect the substance of our analysis here.  See Hope v. Warden York Cty. Prison, 972 F.3d 310, 325 (3d Cir. 2020) (explaining that "[a]lthough the Eighth Amendment does not apply" to immigrant and pre-trial detainees, "the substantive due process guarantees afforded detainees like Petitioners are at least as robust as Eighth Amendment protections afforded prisoners"); see also Boring v. Kozakiewicz, 833 F.2d 468, 472 (3d Cir. 1987).  Moreover, even in the parlance of due process, Parker's claims would not have survived summary judgment, as he has pointed to no evidence that any prison official caused the delay in obtaining his prescription.  There is, therefore, no evidence in the record that any prison official imposed "punishment" on him.  See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005).

Here, the District Court properly granted summary judgment in favor of Schweitzer and Wexford. There is no evidence that any prison officials deliberately delayed the provision of Prozac. Rather, the delay resulted from the fact that Parker's pharmacy could not verify his prescription. Prison officials, including Schweitzer, consistently responded to Parker's requests for treatment, promptly scheduled him for medical evaluations, obtained a new Prozac prescription, and administered the medication to Parker within 20 days of his arrival at Butler County Prison. While Schweitzer's comments (which she disputes), if true, are distasteful, those comments are insufficient for a reasonable juror to find deliberate indifference here. Again, the record does not show that Schweitzer took any action to deliberately delay treatment, nor is there any evidence that she failed to take any action that could have assisted Parker in obtaining Prozac sooner. Rather, she responded in a timely fashion to Parker's requests for treatment, evaluated him, and properly referred him to the person who could provide a Prozac prescription, Dr. Noorani. See Pearson, 850 F.3d at 538.

As Parker failed to produce sufficient evidence for a reasonable juror to find any constitutional violation, let alone a violation that was caused by Wexford's policy or custom, Wexford was also entitled to summary judgment. See Palakovic v. Wetzel, 854 F.3d 209, 232 (3d Cir. 2017) ("To state a claim against a private corporation providing medical services under contract with a state prison system, a plaintiff must allege a policy or custom that resulted in the alleged constitutional violations at issue.") (citing Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 584 (3d Cir. 2003)). For similar reasons, the District Court properly determined earlier in the case that Parker failed to state a claim

5

against Butler County, as he did not allege that the county had any policy or custom that resulted in any constitutional violation. And the District Court properly determined that Parker's claims for declaratory and injunctive relief were mooted by Parker's transfer out of Butler County Prison, as those claims were primarily related to Schweitzer's duties at Butler County Prison. See Hartnett v. Pa. State Educ. Ass'n, 963 F.3d 301, 305–06 (3d Cir. 2020).

For the foregoing reasons, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.