DLD-160                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3037
_____

UNITED STATES OF AMERICA

v.

PAUL SURINE,
                           Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 4:07-cr-00304-001)
District Judge:  Honorable Matthew W. Brann

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2021

Before: JORDAN, KRAUSE, and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  May 4, 2021)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paul Surine, an inmate currently serving his sentence at FCI Allenwood, appeals pro se from the District Court's order denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's judgment.

In 2008, Surine pleaded guilty to conspiracy to distribute 50 grams or more of cocaine base. He was sentenced to 360 months in prison. We affirmed his conviction and sentence. See United States v. Surine, 375 F. App'x 164 (3d Cir. 2010) (not precedential). The District Court later granted Surine's motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines and reduced his sentence to 291 months of imprisonment.

In July 2020, Surine filed a motion pursuant to § 3582(c)(1)(A)(i), arguing that compassionate release was warranted because various health conditions put him at increased risk from COVID-19. (ECF 433.) The Government opposed the § 3582(c)(1)(A)(i) motion. (ECF 375.) The District Court denied relief, holding that, although Surine's health conditions (including obesity and chronic kidney disease) put him at an elevated risk of serious illness or death from COVID-19, those reasons for release were outweighed by the relevant factors under 18 U.S.C. § 3553(a). (ECF 437 & 438.) Surine appealed. (ECF 442.) After Surine filed his pro se brief (Doc. 7), the

Government moved for summary affirmance (Doc. 8). Surine opposes the Government's motion. (Doc. 9.)

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Pawlowski, 967 F.3d 327, 329 n.4 (3d Cir. 2020). We review the District Court's order for abuse of discretion, and thus "will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration, quotation marks, and citation omitted). We may summarily affirm a district court's order if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4 and I.O.P. 10.6.

The compassionate release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford

3

adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)-(C).

The District Court did not abuse its discretion in denying Surine's § 3582(c)(1)(A)(i) motion. We agree the relevant § 3553(a) factors outweigh the reasons for release. As the District Court explained, Surine had more than seven years remaining on his sentence. See Pawlowski, 967 F.3d at 330-31. In addition, the District Court accurately noted that he was convicted of an "incredibly serious" offense for his role as the "leader of a large, multi-year narcotics trafficking conspiracy that resulted in the distribution of as much as 3.5 kilograms of cocaine base to hundreds of individuals." During the offense, Surine traded firearms to drug traffickers and possessed dozens of firearms that he used to threaten others. Id. at 331. Moreover, Surine's extensive criminal history indicated that he poses a danger to the community and that releasing him would not afford adequate deterrence, promote respect for the law, achieve just punishment, reflect the seriousness of the offense, or protect the public.[1] Id. These circumstances fail to lead us to "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Id. at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

---

[1] Surine's criminal history spanned his entire adult life and included robbery and sexual offenses.

Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.