DLD-247                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2030
_____

FREDERICK H. BANKS,
                    Appellant

v.

ALLENWOOD TRUST FUND DEPARTMENT; FNU SWOWICKI;
L. HAAS, Education; WARDEN ALLENWOOD FCI; LT. CLOUSER;
FEDERAL BUREAU OF PRISONS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00734)
District Judge:  Honorable Christopher C. Conner
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 12, 2021

Before:  JORDAN, KRAUSE and PHIPPS, Circuit Judges

(Opinion filed: September 2, 2021)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Frederick Banks appeals from the District Court's order dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's order.

Banks, a federal prisoner, filed a petition for habeas corpus in which he alleged that prison officials removed his thumbprint from a prison computer system to prevent him from printing mailing labels, accessing email, or performing legal research. He also asserted that his stimulus check was not deposited into his prison account and that his emails to his attorney were held by prison officials. He requested discharge from custody, certification of a class action, and appointment of class counsel.

The District Court dismissed the petition before service, concluding that Banks did not challenge the fact or duration of his confinement and a habeas petition was not an appropriate vehicle for his complaint of a civil rights violation. This dismissal was without prejudice to Banks' raising his claims in a civil rights action. The District Court declined to consider Banks' request for class certification and appointment of class counsel. Banks filed a notice of appeal. Banks was notified that his appeal would be considered for possible summary action but has not filed any response to the notice.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm a district court's decision

2

"on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not err in concluding that Banks's claims do not lie at the "core of habeas" and, therefore, are not cognizable in a § 2241 petition. See Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). None of his claims challenged the fact or length of his sentence or confinement. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

For the reasons above, as well as those set forth by the District Court, this appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.