**HLD-105 (February 28, 2011)**          **PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4397
_____

JAMES MURRAY, a/k/a James Hines,
                                                  Appellant

v.

B.A. BLEDSOE; D. YOUNG, ASSOCIATE WARDEN;
MR. BREWER, UNIT MANAGER
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:10-cv-02309)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2011

Before:  MCKEE, Chief Judge, ALDISERT
and WEIS Circuit Judges.

(Filed: June 10, 2011)
_____

# OPINION

_____

PER CURIAM.

In November 2010, James Murray, a federal prisoner currently housed in the Special Management Unit ("SMU") at the United States Penitentiary in Lewisburg, Pennsylvania, filed in the District Court a pro se petition for judicial review of a decision of the Federal Bureau of Prisons ("BOP"). Murray's petition claimed that he has a constitutional right under the Ninth Amendment to choose his SMU cellmate. Before filing in the District Court, Murray had sought an administrative remedy from the BOP, alleging a right to choose his cellmate and requesting that the BOP allow him to do so. The BOP found Murray had no such right and denied his request. In his petition for judicial review, Murray requested that the District Court set aside the BOP's

decision.[1]  The District Court denied Murray's petition as meritless.  Murray now appeals from the District Court's judgment; requests that we take judicial notice of certain case law, pleadings, and other documents, and appoint counsel on his behalf; and moves to amend deficient judicial statements.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and may affirm the District Court's judgment on any basis supported by the record.  See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  Because this appeal does not present a substantial question, we will summarily affirm the

---

[1]  Murray styled his petition as a challenge to the BOP's decision under the Administrative Procedure Act ("APA").  BOP decisions about where to house inmates, however, are exempt from challenge under the APA.  See 18 U.S.C. § 3625 (explaining that the APA's provisions for judicial review of administrative agency decisions, at 5 U.S.C. §§ 701-06, do not apply to decisions made under 18 U.S.C. §§ 3621-26, including BOP decisions about where to house inmates governed by 18 U.S.C. § 3621(b)).  Perhaps with this in mind, Murray's filing was docketed in the District Court as a habeas petition.  The filing was probably not a true habeas petition because it did not challenge the "very fact or duration" of Murray's imprisonment, see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973), and would probably be most accurately classified as an action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  How the petition is classified is not of great importance, however, because the District Court properly denied Murray's claim as lacking in merit.

District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Murray argues that the Ninth Amendment "protects rights that are 'fundamental[,]'" such as "rights to marry; to raise a family; the right to an abortion[,]" and the right to choose one's cellmate. Although there is some authority for the proposition that the Ninth Amendment is a source of fundamental rights, see Griswold v. Connecticut, 381 U.S. 479, 493 (1965) (Goldberg, J., concurring), no court of which we are aware has held that the Ninth Amendment establishes a right to choose one's cellmate. To the contrary, those courts confronted with the question of whether inmates have a constitutional right to choose a cellmate have held that no such right exists. See Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984); see also Cole v. Benson, 760 F.2d 226, 227 (8th Cir. 1985) (per curiam) (inmate has no Eighth Amendment right to be placed in a particular cell). Accordingly, the District Court properly denied this claim.

In his brief in opposition to summary action, Murray advises that, since the time he filed his petition in the District Court, he has been placed with a desirable cellmate. He still wishes to proceed with the appeal, however, in order to challenge the broader BOP policy disallowing prisoners to choose their cellmates. Murray did not raise this broader challenge in the District Court; therefore, it is waived on appeal.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. Murray's request for appointment of counsel,

4

request to take judicial notice, and motion to amend deficient judicial statements will be denied.