BLD-166                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4590
_____

GREGG L. SMITH, JR.,
                              Appellant

v.

LUZERNE COUNTY FBI AGENCY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-01205)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 21, 2013

Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: April 10, 2013)
_____

OPINION
_____

PER CURIAM

        Pro Se Appellant Gregg L. Smith, Jr., appeals the dismissal of his complaint under

28 U.S.C. § 1915(e)(2)(B)(ii).  Because the appeal does not present a substantial

question, we will summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Smith filed this § 1983 civil rights action against Defendant "Luzerne County FBI Agency," alleging violations of his right to freedom of speech and "freedom of thought." The District Court granted Smith's application to proceed in forma pauperis. The District Court then dismissed the complaint, sua sponte, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Because the named defendant, "Luzerne County FBI Agency," does not exist, the District Court interpreted Smith's claims as against Luzerne County and held that Smith failed to plead a § 1983 action against a municipality. Additionally, the District Court interpreted Smith's claims as against the FBI, finding that Smith's cause of action was barred by sovereign immunity. Smith appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See id. To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This Court affirms a district court's dismissal for failure to state a claim "only if, accepting all factual

2

allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Philadelphia, 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We agree with the District Court's determination that Smith's complaint fails to state a claim against the Defendant. First, to the extent that Smith intended to bring an action against Luzerne County, his complaint fails to state a cause of action under § 1983. Municipal liability under § 1983 only arises if the plaintiff demonstrates that "'execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury.'" Andrews v. City of Phila., 895 F.2d 1469, 1480 (3d Cir. 1990) (quoting Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690-91 (1978)). A municipal policy encompasses a "statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Brown v. Muhlenberg Twp., 269 F.3d 205, 215 (3d Cir. 2001) (quoting Monell, 436 U.S. at 690). A custom, on the other hand, need not have received formal approval through official decision-making channels, but it "must have the force of law by virtue of the persistent practices" of municipal officials. Id. (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167 (1970)). Furthermore, a municipality cannot be constitutionally liable under the doctrine of respondeat superior. See City of Canton v.

3

Harris, 489 U.S. 378, 385 (1989). Here, Smith has made no allegations regarding Luzerne County's policies or customs. Therefore, his § 1983 claims against the defendant fail.

Additionally, Smith's complaint fails to state a cause of action to the extent that Smith intended to bring a suit against the FBI. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994) (citations omitted). Here, there are no allegations that the United States waived immunity. Therefore, Smith has not stated a viable claim against the defendant.

Accordingly, we deny Smith's motion for appointment of counsel and will summarily affirm the District Court's order dismissing Smith's complaint because the appeal presents no substantial question.