BLD-189                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4617
_____

JAMES I. MCCABE,
                                    Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
SECRETARY DEPARTMENT OF CORRECTIONS;
CORRECTIONS HEALTHCARE ADMINISTRATOR;
BUREAU OF HEALTHCARE SERVICES;
DORINA VARNER;
JOHN KERESTES;
SCOTT W. MILLER;
MARVA CERULLO;
ALICE CHIPRIANO;
JOHN STEINHART;
TONY ANDREUZZI, Nurse Practitioner
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-00293)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2013
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: May 2, 2013)
_____

OPINION
_____

PER CURIAM

James McCabe appeals the District Court's dismissal of his amended complaint. For the following reasons, we will summarily affirm.

I.

McCabe, a Pennsylvania state prisoner, filed a civil rights complaint under 42 U.S.C. § 1983 in the District Court for the Middle District of Pennsylvania against the Pennsylvania Department of Corrections, Corrections Health Care Administrator, Bureau of Health Care Services, and several of the prison's medical and administrative officials. McCabe alleged that Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his reducible inguinal hernia, and that the prison's policy requiring prisoners to authorize withdrawal of prison funds before receiving non-emergency medical services violated his due process rights.

In separate motions to dismiss, Defendant Iannuzzi[1] and the remaining defendants argued that McCabe's amended complaint failed to state an Eighth Amendment claim. The District Court agreed, determining that neither McCabe's mere dissatisfaction with Defendants' course of medical treatment nor Defendant Iannuzzi's failure to provide continuing treatment for the hernia after McCabe refused to authorize withdrawal of his

_____

[1] McCabe's amended complaint named Tony Andreuzzi as a defendant. The District court used the defendant's correct name, Tony Iannuzzi. We follow suit.

2

funds constituted deliberate indifference. Acting pursuant to its authority under 28 U.S.C. § 1915(e), the District Court also concluded that McCabe's amended complaint failed to state a viable due process claim. McCabe timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the District Court's *sua sponte* dismissal, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and its grant of Defendants' motions to dismiss, see Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). To survive dismissal, a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

### A. Eighth Amendment Claims

McCabe's Eighth Amendment claims are premised on the medical attention he received after discovering his hernia. In his view, Defendants exhibited deliberate indifference when they prescribed a conservative course of treatment—including "medical restrictions" and medication—rather than immediate surgery. According to McCabe's amended complaint, Defendants explained to him that surgery was indicated only in certain situations, including when a hernia becomes strangulated or causes exceptional pain. Mere disagreement between prison doctors and a prisoner about the proper course of treatment does not evince the deliberate indifference necessary for an

3

Eighth Amendment violation, however. See Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (1987); see also Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (noting that courts generally will not gainsay the professional judgment of medical practitioners). Tellingly, McCabe did not allege any facts suggesting that Defendants' refusal of surgery was a result of anything but medical judgment. Accordingly, as the District Court concluded, McCabe's allegations did not support an Eighth Amendment claim.

McCabe also alleged that Defendant Iannuzzi was deliberately indifferent to his medical needs when, several months after his diagnosis and in the course of continuing, non-emergency treatment of the hernia, Defendant Iannuzzi demanded that he sign a cash slip authorizing withdrawal of his prison funds in order to refill his prescription. Defendant Iannuzzi's enforcement of this prison policy does not state a viable claim for deliberate indifference. Prisoners are simply not guaranteed the right to be entirely free from the cost-considerations that figure in medical care decisions. See Reynolds v. Wagner, 128 F.3d 166, 175, 177-78 (3d Cir. 1997).

In Reynolds, as here, the prison charged inmates a modest fee for certain types of medical care, excluding, among other things, emergency services. Id. at 170-71. We found the policy constitutional because, under it, no inmate could be denied "essential" or "needed" medical treatment, regardless of his refusal or inability to pay the fee. Id. at 174-75 (citing Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347

4

(1987)).  Here, McCabe was not denied essential or needed medical treatment for failure to sign the cash slip.  Rather, he was denied further *non-emergency* medication because of his refusal to sign the cash slip.  Nor did he indicate an inability to afford the fee; he simply refused to pay because he believed the hernia to be chronic or life-threatening.  See Doc. 23, Ex. O ("An inmate will not be denied access to medical services because of an inability to pay the required fee."); see also Lanzaro, 834 F.2d at 347.  Therefore, because Reynolds is controlling, the District Court properly determined that McCabe's amended complaint did not state an Eighth Amendment claim.

### B. Due Process Claim

The District Court also considered whether the policy requiring McCabe to sign a cash slip violated his due process rights.  A prisoner has a property interest in his prison account, of course, entitling him to due process before the deprivation of any funds.  See id. at 179.  There is no due process violation, however, if a prisoner is given prior notice of a policy like the one here and access to meaningful post-deprivation procedures.  See Tillman v. Lebanon Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000).  Here, it is clear from the amended complaint that McCabe knew of the policy prior to any deprivation of his account funds; indeed, he alleged that Defendant Iannuzzi explained the policy to him.  Moreover, there is no allegation that the state fails to provide meaningful post-deprivation remedies for erroneous withdrawals of funds.  Thus, the District Court correctly concluded that McCabe's amended complaint did not state a due process claim.

5

For the reasons given, the District Court properly dismissed McCabe's amended complaint.[2]  Accordingly, we will summarily affirm the judgment of the District Court. <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R.; I.O.P. 10.6.

---

[2] Under the circumstances, the District Court need not have offered McCabe an additional opportunity to amend his allegations.  <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002); <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir. 1997).  The District Court did not err in denying McCabe's motion for appointment of counsel.  <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155-57 (3d Cir. 1993).