DLD-138                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3320
_____

THOMASINA L. LLOYD,
Appellant

v.

OCEAN TOWNSHIP COUNSEL; OCEAN TOWNSHIP BOARD OF EDUCATION;
OCEAN TOWNSHIP POLICE DEPARTMENT; OCEAN TOWNSHIP MUNICIPAL
COURT; LORETTA KACHMER-WILL, SPECIAL PROJECTS SUPERVISOR;
DETECTIVE MICHAEL MELODY, #269; OFFICER KATHLEEN DELANOY, #248;
MARIO DELANO; JOHN LYSKO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-19-cv-00600)
District Judge: Michael A. Shipp

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 1, 2021

Before:  JORDAN, KRAUSE, and PHIPPS, Circuit Judges

(Opinion filed: April 26, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Appellant Thomasina Lloyd, proceeding pro se and in forma pauperis, appeals from an order by the United States District Court for the District of New Jersey granting the defendants' motion to dismiss. For the reasons that follow, we will summarily affirm.

I.

Because we write primarily for the benefit of the parties, we recite only the relevant facts and procedural history. On March 5, 2014, Lloyd was arrested for robbery and assault following a dispute with the Ocean Township Board of Education over her son's education. The charges were later reduced to harassment and Lloyd was ultimately acquitted on September 2, 2016.

Lloyd filed her complaint in the New Jersey Superior Court on October 30, 2018, raising claims of false arrest, false imprisonment, malicious prosecution, and fabricated evidence pursuant to 42 U.S.C. § 1983, as well as claims of conspiracy pursuant to 42 U.S.C. § 1985. Lloyd also asserted state-law claims of malicious prosecution, false arrest, false imprisonment, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Defendants removed the matter to the District Court and moved to dismiss, arguing Lloyd's claims were time-barred. Lloyd filed a response in opposition arguing she was entitled to equitable tolling. The District Court granted Defendants' motion over Lloyd's opposition and dismissed the complaint without prejudice. The District Court

2

provided Lloyd leave to file an amended complaint and indicated she should include additional facts that would support her equitable tolling argument.

Lloyd filed an amended complaint that was substantially shorter than her original complaint and did not include any additional allegations or new facts. Defendants moved to dismiss and again asserted a timeliness argument. Lloyd did not oppose the motion, which the District Court granted. Lloyd filed a timely notice of appeal.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss under Rule 12(b)(6) de novo. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe those facts in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and because Lloyd is proceeding pro se, we construe her complaint liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

As we have explained, a complaint is subject to dismissal on a defendant's motion for failure to state a claim on statute of limitations grounds when the limitations defense

3

is "apparent on the face of the complaint." See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014); Stephens v. Clash, 796 F.3d 281, 288 (3d Cir. 2015). "A section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). "In New Jersey, where [Lloyd's] claim arose, personal injury claims are governed by a two-year statute of limitations." Est. of Lagano v. Bergen Cty. Prosecutor's Off., 769 F.3d 850, 859 (3d Cir. 2014) (citing N.J. Stat. Ann. § 2A:14–2). Claims arising under 42 U.S.C. § 1985 "are subject to the same limitations period" as section 1983 claims. Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989).

Lloyd alleged that her March 6, 2014, arrest was improper and that she was falsely arrested and imprisoned. The two-year statute of limitations for these claims began to run "at the time the [Lloyd became] detained pursuant to legal process." Wallace v. Kato, 549 U.S. 384, 397 (2007). Accordingly, because the claims were filed in October 2018, well after March 6, 2016, they were time-barred.

Lloyd also alleged malicious prosecution and fabrication of evidence. The time to raise these claims "does not begin to run until the criminal proceedings against the defendant (i.e., the § 1983 plaintiff) have terminated in [her] favor." McDonough v. Smith, 139 S. Ct. 2149, 2154–55 (2019). Lloyd was acquitted on September 2, 2016. Because her claims were not filed by September 2, 2018, they were also not timely.

As for Lloyd's conspiracy claim under § 1985, the statute of limitations began to run from the last "overt act causing damage." Wells v. Rockefeller, 728 F.2d 209, 217

(3d Cir. 1984). This claim was also time-barred because the acts comprising the alleged conspiracy were completed more than two years prior to October 2018.

Finally, we agree with the District Court's conclusion that Lloyd did not establish a sufficient basis for equitable tolling. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000) (discussing equitable tolling for federal civil rights claims). Equitable tolling is generally appropriate where: (1) a defendant actively misleads a plaintiff regarding a cause of action; (2) a plaintiff has been prevented from asserting a claim as a result of other extraordinary circumstances; or (3) a plaintiff has timely asserted her claims, but in the wrong forum. See Lake, 232 F.3d at 370 n.9. In addition, "[t]o invoke equitable tolling, [Lloyd] must show that [she] exercised reasonable diligence in investigating and bringing [her] claims." New Castle Cty. v. Halliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997); see Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

Lloyd failed to show that any of these circumstances applied and did not demonstrate due diligence. Lloyd argued she was entitled to equitable tolling in her opposition to defendants' initial motion to dismiss, relying generally on "illness," attorney neglect, poverty, homelessness, and childcare issues without explaining how these circumstances prevented her from timely filing her complaint. Although the District Court explained that Lloyd's equitable tolling argument was insufficient and

5

gave her leave to amend, Lloyd's amended complaint makes no mention of equitable tolling.[1]

Finally, we agree with the District Court that giving Lloyd further leave to amend would have been futile.

Because the appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.

---

[1] Lloyd also alleged state law claims for malicious prosecution, false arrest, false imprisonment, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress. Because the statute of limitations for these claims is the same as for Lloyd's federal claims, the District Court properly found the claims were time-barred. See N.J.S.A. 59:1–1 to 12–3; N.J.S.A. 59:8-8 ("[I]n no event may any suit against a public entity or public employee arising under this act be filed later than two years from the time of the accrual of the claim.").