NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2588
_____

UNITED STATES OF AMERICA

v.

ARSENIO ARZOLA,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Action No. 2:06-cr-00569-001)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 16, 2021

Before:  JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  January 6, 2022)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Arsenio Arzola appeals pro se from an order of the United States District Court for the District of New Jersey denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will summarily affirm the District Court's judgment.

In 2007, a jury found Arzola guilty of conspiracy to distribute five kilograms or more of cocaine, see 21 U.S.C. §§ 841(a), 841(b)(1)(A), 846; possession of a firearm by a convicted felon, see 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking offense, see 18 U.S.C. § 924(c). He was sentenced to 382 months of imprisonment, later reduced to 360 months. We affirmed. United States v. Arzola, 361 F. App'x 309 (3d Cir. 2009) (not precedential).

In April 2020, Arzola filed a pro se motion for compassionate release pursuant to § 3582(c)(1)(A) (ECF 255), which was later supplemented by appointed counsel. (ECF 285 & 288.) Arzola argued that release was warranted based on the COVID-19 pandemic, the First Step Act's reduction of mandatory minimum sentences, and his rehabilitation. The Government opposed the motion. (ECF 290.)

The District Court denied relief, concluding, among other things, that Arzola had not established any extraordinary and compelling reason for release and that the applicable sentencing factors under 18 U.S.C. § 3553(a) weighed against any reduction in

2

his sentence. (ECF 292 & 293.) Arzola timely appealed. (ECF 294.) The Government has filed a motion for summary affirmance (Doc. 7), which Arzola opposes. (Doc. 10.)

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C).

We discern no abuse of discretion in the District Court's conclusion that the

§ 3553(a) factors weighed against granting Arzola compassionate release.[1]  Arzola's crime was serious.  He was a leader of a "vast drug trafficking conspiracy ranging from October 1999 to June 2005."  Arzola, 361 F. App'x at 310.  In addition, as the District Court observed, Arzola unlawfully possessed a firearm and fired at law enforcement officers as they attempted to execute search and arrest warrants at his home.  Moreover, the District Court noted that it had already reduced Arzola's sentence by 22 months based on Amendment 782 to the Sentencing Guidelines, and concluded that a further reduction would not "reflect the seriousness of the offense" or "promote respect for the law."

We discern no error in the District Court's consideration of the relevant factors. Thus, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks and citation omitted).  Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[2]

---

[1] In light of this conclusion, we need not address the District Court's determination that Arzola did not demonstrate "extraordinary and compelling reasons" under the statute.  18 U.S.C. § 3582(c)(1)(A)(i).  We note, however, the District Court's observation that the provision of the First Step Act cited by Arzola is not retroactively applicable to his cocaine conviction and its finding that Arzola had tested positive for COVID-19, recovered after experiencing no serious complications, and received at least the first dose of the vaccine.

[2]  Arzola's motion for appointment of counsel is denied.