BLD-144                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1454
_____

OMAYRA ACOSTA,
                                    Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-04943)
District Judge:  Honorable Berle M. Schiller
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2022
Before:  MCKEE, GREENAWAY, Jr., and PORTER, Circuit Judges

(Opinion filed: May 20, 2022)
_____

OPINION*
_____

PER CURIAM


        Omayra Acosta appeals pro se from a post-judgment order of the District Court

granting her attorney's petition for fees under 42 U.S.C. § 406(b).  Acosta's attorney,

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robert Savoy, has moved for summary affirmance. For the reasons stated below, we grant Savoy's motion and will summarily affirm the District Court's judgment.

I.

In 2018, after exhausting administrative remedies, Acosta filed an action in the District Court seeking disability benefits under Title II of the Social Security Act. The District Court entered judgment in favor of Acosta in 2020, after which Acosta moved for attorney's fees under the Equal Access to Justice Act ("EAJA"), see 28 U.S.C. § 2412, and was awarded $3,556.97. On remand, the agency concluded that Acosta was entitled to benefits and awarded her $97,213.00 in back-due benefits. Savoy then moved for fees under 42 U.S.C. § 406(b), providing documentation of a fee agreement between Savoy and Acosta and a description of 17.1 hours of work performed on the case. Acosta did not respond, and the Commissioner of Social Security filed a response neither supporting nor opposing the fee request. The District Court granted Savoy's motion and awarded the requested $18,303.25 in fees or 25% of past-due benefits—whichever was less—to be offset by the EAJA award. With the EAJA offset, the amount payable from Acosta's recovery was $14,746.28. Acosta appealed, and Savoy has moved for summary affirmance.[1]

II.

---

[1] Although Acosta and the Commissioner of Social Security are the parties to this action, the real party in interest here is Savoy, whose fee award Acosta challenges on appeal. See Gisbrecht v. Barnhart, 535 U.S. 789, 798 n.6 (2002).

2

We have jurisdiction under 28 U.S.C. § 1291 and review a district court's decision regarding attorney's fees under 42 U.S.C. § 406(b) for abuse of discretion. See Fields v. Kijakazi, 24 F.4th 845, 852 (2d Cir. 2022). "A district court abuses its discretion when (1) its decision rests on an error of law . . . or a clearly erroneous factual finding, or (2) its decision . . . cannot be located within the range of permissible decisions." Id. (internal quotation marks and citation omitted). We may summarily affirm the District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

Under 42 U.S.C. § 406(b), a court "may allow 'a reasonable fee . . . not in excess of 25 percent of the  . . . past-due benefits' awarded to the claimant." Gisbrecht, 535 U.S. at 795 (quoting § 406(b)(1)(A)). "Within the 25 percent boundary . . . , the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. In determining whether a fee is reasonable, courts consider: (1) the character of the representation; (2) the results achieved; (3) whether the attorney was responsible for any delay; and (4) whether the benefits are large in comparison to the amount of time spent on the case. Id. at 808. A district court making a fee determination must also consider "the primacy of lawful attorney-client fee agreements." Id. at 793.

In a letter accompanying her notice of appeal, Acosta suggests—for the first time—that the fee award is unreasonable in relation to the work performed. We

3

generally do not consider arguments raised for the first time on appeal, see Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021), cert. denied, 142 S. Ct. 760 (2022), but regardless we discern no abuse of discretion in the District Court's award, which was consistent with the principles discussed in Gisbrecht. Namely, Savoy's representation before the District Court achieved a positive result for Acosta and led to a substantial award of past-due benefits. There is no indication that Savoy was responsible for any delay in Acosta's case; on the contrary, it appears that his representation was efficient and effective. Further, Acosta agreed that Savoy could seek a fee of up to 25% of past-due benefits awarded, less any fee awarded to Acosta's administrative representative, if the District Court or SSA were to determine that she was entitled to benefits. The $18,303.25 sought by Savoy was within that threshold.[2] We cannot say that the District Court's decision—particularly in the absence of objections from Acosta or the Commissioner—to award Savoy that amount, less the EAJA fees previously awarded, amounted to a clear error of judgment.

Accordingly, we will affirm the District Court's judgment.

---

[2] On remand, the SSA withheld 25% ($24,303.25) of the past-due benefits, $6,000 of which were awarded to Acosta's administrative representative. The remaining $18,303.25 constituted approximately 18.83% of Acosta's past-due benefits.

4