**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3370
_____

UNITED STATES OF AMERICA

v.

JEREMIAH BANKS, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-20-cr-00403-001)
District Judge:  Honorable John M. Younge
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2023
Before: KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed: May 17, 2023)
_____

OPINION[*]
_____

PER CURIAM

Jeremiah Banks appeals pro se from the District Court's order denying his

emergency motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Government has filed a motion for summary affirmance. We grant the Government's motion and will summarily affirm the District Court's judgment.

In 2022, Banks pleaded guilty in the Eastern District of Pennsylvania to possession with intent to distribute 50 grams of methamphetamine and conspiring to possess the same in violation of 21 U.S.C. §§ 841(a) and 846. The District Court sentenced Banks to 68 months' imprisonment, well below the recommended Guidelines sentence. Banks is scheduled for release in August 2024, and is currently incarcerated at United States Prison-Lewisburg.

In August 2022, two-and-a-half months after being sentenced, Banks filed the operative pro se motion for compassionate release, citing two reasons for relief: he suffered from an array of medical conditions that rendered him susceptible to harm if he contracted COVID-19, and he was the sole caregiver for his six-year-old daughter because his mother, who has cared for his daughter during his incarceration, recently suffered from debilitating vision loss. The Government opposed Banks's motion. The District Court determined that neither circumstance presented an "extraordinary and compelling" reason for release under § 3582(c)(1), and that the 18 U.S.C. § 3553(a) factors counseled against release. Banks timely appealed.[1]

We review the denial of a motion for compassionate release for abuse of discretion and will not disturb that decision unless the District Court committed a clear error of

---

[1] We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm if the appeal presents no substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

judgment.  See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020).  Here, we

discern no clear error in the District Court's conclusion.  Even assuming that Banks's

health conditions and family circumstances presented extraordinary and compelling

reasons for relief, the District Court did not abuse its discretion in concluding that the

§ 3553(a) factors counseled against granting such relief.

In reaching this conclusion, the District Court highlighted the seriousness of the

offenses, noting that Banks had been a "key player" in a major drug-trafficking

enterprise, as he had agreed to sell nearly five kilograms of methamphetamine in

exchange for $67,500.  ECF No. 84 at n.1 p.4.  The District Court also explained that

Banks's 68-month sentence had been calibrated to impose a fair sentence that

nevertheless reflected the seriousness of the drug offenses and promoted a respect for the

law.  Id.  Additional relief, the District Court elaborated, was unwarranted in light of the

fact that Banks's sentence reflected a "stark" departure from the bottom of the

recommended guideline range.  Id.  Banks faults the District Court for failing to give

more weight to § 3553(a) factors that he believes favor granting relief, see C.A. No. 16 at

10, but that contention, without more, fails to demonstrate that the District Court abused

its discretion.  See generally Pawlowski, 967 F.3d at 330 (explaining that "we will not

disturb the District Court's decision unless there is a definite and firm conviction that it

committed a clear error of judgment in the conclusion it reached upon a weighing of the

relevant factors" (quotation marks, alteration omitted)).  Accordingly, we grant the

Government's motion and will summarily affirm the District Court's order.[2]

---

[2] The parties have filed several additional motions.  The Government's requests to file a motion for summary action and to be relieved of the obligation to file an appellate brief are granted, as is Banks's request to file an out-of-time response to the Government's motion.  Banks's request for appointment of counsel is denied.