**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2187
_____

OMAR FOLK,
                                   Appellant

v.

PRIME CARE MEDICAL; DAUPHIN COUNTY PRISON; PERRY COUNTY
PRISON; ATTORNEY GENERAL PA; DAVID E. YEINGST; DOMINICK DEROSE;
P.A. TANYA SCHISLER; LPN TOM TOOLAN; DR. MATTHEW LEGAL; LT.
TWIGG; SGT. KELLER; THOMAS LONG; CITY OF HARRISBURG; PERRY
COUNTY CITY; HEIDI R. FREESE; DAUPHIN COUNTY; C.O. CHARLES
DONBAUGH; P.A. YOUNG; BOARD CHAIRMAN, PERRY COUNTY PRISON;
CHAD CHENET; PERRY COUNTY PRISON BOARD
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 3:13-cv-00474)
District Judge:  Honorable Robert D. Mariani
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2023
Before:  JORDAN, CHUNG, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: May 30, 2023)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Omar Folk appeals from the District Court's denial of his post-judgment motion. For the reasons that follow, we will summarily affirm the District Court's judgment.

In February 2013, Folk filed a complaint in the District Court bringing several claims, including deliberate indifference claims against medical providers who were involved in treating his 2012 leg injury. The District Court dismissed all of Folk's claims with prejudice for failure to state a claim and denied his motions for reconsideration. We affirmed the District Court's judgment in 2018. Folk later filed another motion for reconsideration, which was denied, and we affirmed the denial in 2019.

In May 2022, Folk filed a motion that he labeled a motion to amend his complaint, in which he restated allegations about his 2012 leg injury. The District Court denied the motion, noting that the case was closed in 2018. The District Court noted that no Rule 60 motion to reopen was filed and also found that, even if the defendant's motion for leave to amend were liberally construed as a motion under Federal Rule of Civil Procedure 60(b), it was filed too late to be considered brought "within a reasonable time." See Fed. R. Civ. P. 60(c)(1). Folk timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the denial of a motion for reconsideration for abuse of discretion. See Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per

2

curiam).

The District Court did not abuse its discretion in denying Folk's motion. It was appropriate to construe it as a motion for reconsideration, but Folk did not explain the years of delay in filing it. Instead, Folk asked that the amended complaint be "related back" to his original complaint. That complaint had been dismissed in 2018, however. Timeliness aside, Folk included no basis for vacating the District Court's judgment — he merely restated allegations that he already presented or could have presented to the District Court and in his other appeals. See Budget Blinds, 536 F.3d at 255 ("[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment.") (citation omitted). Accordingly, we will affirm the District Court's judgment.[1]

---

[1] Additionally, we deny Folk's "motion for update status," which discussed the participation of several appellees in this appeal, as moot.