**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2390
_____

TYRONE BENTLEY,

Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:23-cv-00088)
District Judge: Honorable Malachy E. Mannion
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on November 16, 2023

Before: BIBAS, MATEY, and CHUNG, Circuit Judges

(Opinion filed: December 12, 2023)
_____

_____

OPINION[*]
_____

**PER CURIAM**

Tyrone Bentley appeals the District Court's order dismissing his petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2012, Bentley was sentenced to 408 months in prison after being found guilty by a jury of conspiracy to commit armed bank robbery, armed bank robbery, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). We affirmed his conviction and sentence on appeal. See C.A. No. 12-3378. Bentley later filed an unsuccessful motion pursuant to 28 U.S.C. § 2255, and we denied his request for a certificate of appealability. See C.A. No. 15-2666.

In 2023, Bentley filed a § 2241 petition challenging his conviction and sentence. He argued that after the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), his conviction for armed bank robbery was no longer a valid predicate crime of violence. The District Court dismissed the petition for lack of jurisdiction, and Bentley filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's legal conclusions. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013).

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2241 petition filed by a federal prisoner challenging his conviction or sentence may not be entertained unless a § 2255 motion would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). As noted by the District Court, the Supreme Court recently held that this language, the so-called "savings clause," is not a means of avoiding the restrictions imposed by § 2255(h) on filing successive § 2255 motions:

> We now hold that the saving clause does not authorize such an end-run around AEDPA. In § 2255(h), Congress enumerated two—and only two—conditions in which a second or successive § 2255 motion may proceed. Because § 2255 is the ordinary vehicle for a collateral attack on a federal sentence, the straightforward negative inference from § 2255(h) is that a second or successive collateral attack on a federal sentence is not authorized unless one of those two conditions is satisfied.

Jones v. Hendrix, 599 U.S. 465, 477–78 (2023). Thus, Bentley's remedy is not to file a § 2241 petition but to seek authorization to file a second or successive § 2255 motion.[1]

The District Court did not err in dismissing Bentley's § 2241 petition. For the above reasons, we will summarily affirm the District Court's order. See 3d Cir. I.O.P. 10.6.

---

[1] We denied Bentley's application to file a second or successive § 2255 motion raising the same argument he raises in his § 2241 petition. See C.A. No. 22-2047.

3