**NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

No. 23-2769
_____

UNITED STATES OF AMERICA

v.

ADAM SCOTT,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:10-cr-00677-001)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 18, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed February 8, 2024)
_____

OPINION*
_____

PER CURIAM

     Pro se appellant Adam Scott appeals from the District Court's order denying his

post-judgment "due process protection" motion.  For the reasons that follow, we will

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summarily affirm the District Court's judgment.

In 2012, Scott was convicted of cocaine distribution and related firearms offenses. In the years since, Scott has filed numerous post-judgment motions in the District Court relating to his conviction. In August 2023, Scott filed a motion citing Federal Rule of Criminal Procedure 5(f), requesting that the District Court issue an order requiring the Government to acknowledge its disclosure obligations under the Due Process Protections Act. He claimed that the Government never turned over various surveillance and wiretap evidence during his prosecution.

The Government responded, noting that Rule 5(f) is applicable at the beginning of a defendant's criminal proceedings, "on the first scheduled court date when both prosecutor and defense counsel are present." Fed. R. Crim. P. 5(f)(1). The Government also included an acknowledgment of its discovery obligations. The District Court denied Scott's motion for the reasons stated by the Government. Scott timely appealed.[1]

Under any conceivable standard of review, we discern no error in the District Court's decision. As the Government noted, Federal Rule of Criminal Procedure 5(f) provides that at the start of an individual's criminal proceedings, the trial judge must "issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor . . . and the possible consequences of violating

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a district court's order where the "appeal does not present a substantial question." Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

2

such order under applicable law." Scott was convicted more than a decade ago; this rule does not provide an avenue for him to seek additional post-judgment discovery. And in any event, the Government has re-affirmed its discovery obligations. Nothing further is required by the rule, even if it could somehow apply in this context.

Accordingly, we will summarily affirm the District Court's decision.