CLD-136                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1415
_____

JUSTIN JUAN DE LA CRUZ MARTINEZ,
                                                            Appellant

v.

SUPERIOR COURT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:23-cv-01612)
District Judge:  Honorable Robert J. Colville
_____

Submitted on the Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 13, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: June 27, 2024)
_____

OPINION*
_____

PER CURIAM

    Justin Martinez sought to file an in forma pauperis complaint against the Superior

Court of Pennsylvania under "Title 42 U.S.C. Code 1983 … as well as Title 18 U.S.C.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

41" and <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for alleged violations of the First, Sixth, and Fourteenth Amendments. ECF No. 1-1 at 1 & 2. Essentially, he asserted that the Superior Court conspired against him when it declined to hear an appeal that he brought before he was sentenced in a criminal case. <u>See, e.g.</u>, <u>id.</u> At 5-6. Martinez sought injunctive, declaratory, and other relief.

The District Court permitted Martinez to proceed in forma pauperis and, on screening under 28 U.S.C. § 1915(e), dismissed his complaint for failure to state a claim and as frivolous. Martinez appeals.[1] The Superior Court presents a motion for summary affirmance, which Martinez opposes.

As a preliminary matter, we must dismiss this appeal as moot to the extent that Martinez sought relief that is no longer available.[2] <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

---

[1] He also asks us to transfer this case to Illinois.

[2] For example, Martinez sought an order requiring the Superior Court to cease and desist all involvement in a sentencing proceeding scheduled for September 21, 2021, <u>see</u> ECF No. 1-1 at 6, which, we judicially notice, has taken place. <u>See</u> <u>Martin v. Adm'r N.J. State Prison</u>, 23 F.4th 261, 266 n.1 (3d Cir. 2022) (explaining that such notice is permitted); <u>see also</u> https://ujsportal.pacourts.us/Report/ CpDocketSheet?docketNumber=CP-65-CR-0000338-2022&dnh=ZHirzM8yg506UhZiIcYRKw%3D%3D (last visited June 4, 2024).

To the extent that Martinez presents a live controversy over which we have jurisdiction under 28 U.S.C. § 1291, we exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam). Upon review, we grant the Superior Court's motion and summarily affirm because no substantial issue is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Martinez's claims against the Superior Court under § 1983 could not proceed because the Superior Court is not a "person" subject to liability under § 1983. See Callahan v. City of Philadelphia, 207 F.3d 668, 673 (3d Cir. 2000). Bivens, which "provides for private rights of action against federal officials for certain constitutional violations," Bryan v. United States, 913 F.3d 356, 358 n.1 (3d Cir. 2019), is inapplicable. And the federal criminal law that Martinez cited does not provide an explicit or implied private right of action for him to sue the Superior Court. See Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare [federal] criminal statute"); cf. Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law).

3

Furthermore, we conclude that the District Court did not abuse its discretion in ruling that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

For these reasons, we grant the Superior Court's motion and will affirm the District Court's judgment.[3] Martinez's motion to transfer this case is denied.

---

[3] We reject Martinez's assertions, in his informal brief, which we have considered as a document in support of his appeal, that the District Court's decision was animated by bias or prejudice instead of the facts of his case.

4