**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2486
_____

DAVID D. RICHARDSON,
Appellant

v.

UNITED STATES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-03089)
District Judge:  Honorable Joel H. Slomsky

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 15, 2025
Before:  KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 28, 2025)
_____

OPINION[*]
_____

PER CURIAM

     Pro se appellant David D. Richardson appeals from the District Court's dismissal

of his complaint alleging claims against the United States. We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Richardson was a patient at the VA Medical Center in Philadelphia in late 2022 and early 2023. On August 11, 2023, he filed a complaint in the Eastern District of Pennsylvania alleging, among other things, that during his stay at the medical center he was "denied access to the outdoors and/or permission to leave [his] unit floor[] due to the defendant's unwritten blanket policy of denying the same." ECF No. 1 at 2. He filed an amended complaint on October 6, 2023, and did so again on October 25, 2023. After the Government filed a motion to dismiss, Richardson moved for leave to file another amended complaint, which the District Court granted.

In his operative complaint, Richardson states that on May 30, 2023, he "filed a grievance with [the] Medical Center's Grievance Department regarding being denied access to the outdoors," after which he "became concerned regarding processing [his] grievance" because "the defendant's grievance process" does not provide any opportunity for a hearing before an impartial tribunal. Complaint at 2. He asserts that this makes the process unconstitutional and seeks only the court's intervention "to determine if [he] is entitled to a[sic] evidentiary hearing . . . and[] whether [he] is entitled to appear before an impartial tribunal." Id. at 3. The United States is the only defendant listed on this version of the complaint.

The Government filed a second motion to dismiss asserting lack of subject matter jurisdiction, lack of service, and failure to state a claim. The District Court granted the motion to dismiss for failure to state a claim. Liberally construing Richardson's operative

2

complaint as an attempt to state a procedural due process claim, it reasoned that Richardson failed to state the first element of such a claim because he "is unable to identify a protected property or liberty interest that he is being deprived of." ECF No. 60 at 6. The District Court determined that amendment would be futile and dismissed the operative complaint with prejudice. Richardson timely appealed, and the matter is now fully briefed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's order granting the defendant's motion to dismiss for failure to state a claim. See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp., 967 F.3d 295, 299 (3d Cir. 2020). To survive dismissal, a complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). We accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012), and we construe Richardson's filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Dismissal of Richardson's operative complaint was appropriate because the claims therein are moot. "[A] federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam). Richardson's operative

3

complaint takes issue with his alleged treatment at the VA Medical Center and the process available for objecting to that treatment. But at the motions hearing in the District Court, Richardson told the judge that he was no longer at the VA medical center, and in his supplemental brief, Richardson admits that he was discharged from the VA medical center before the District Court's ruling. Because Richardson seeks only declaratory relief rather than money damages[1] for his alleged injuries, and because he has not demonstrated that "there is a reasonable likelihood that [he] would be subjected to the same action again," id., his discharge from the center moots his claims. See id. (explaining that "transfer from the facility complained of generally moots the equitable and declaratory claims."). Further, the District Court did not abuse its discretion or otherwise err in dismissing the complaint without leave to amend after determining that further amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).[2]

---

[1] In his supplemental brief, Richardson argues that his claims are not moot because he sought compensatory damages. While he did so in the first two versions of his complaint, his operative complaint seeks only declaratory relief, and that complaint supersedes his prior filings. See Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity"); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants").

[2] Richardson's motions pending in this court for appointment of counsel and "to stay operation of 28 U.S.C. § 2401(b)" are denied.