**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1005
_____

SALISSOU KARIM-SEIDOU,
Appellant

v.

CMA CGM (AMERICA) LLC; TROY CONTAINER LINES LTD
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 2:23-cv-12579)
District Judge: Honorable Jamel K. Semper
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on July 1, 2025

Before: KRAUSE, PHIPPS, and ROTH, <u>Circuit Judges</u>

(Opinion filed: September 4, 2025)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Salissou Karim-Seidou appeals from the District Court's dismissal of his claims. For the reasons that follow, we will affirm the District Court's judgment.

I.

Karim-Seidou's claims stem from a 2018 transaction involving goods shipped from New York to Lomé, Togo.[1] Karim-Seidou is the president of Karimas Import Export, LLC ("Karimas"). In 2018, Karimas entered into an agreement with a freight forwarder to load goods onto a cargo container and arrange for their transport to Togo. The freight forwarder contracted with Troy Container Lines Ltd. ("Troy") to book the shipment, and Troy booked the shipment with CMA CGM America LLC ("CMA CGM").

Issues with documentation prevented Karimas' goods from shipping for several weeks and resulted in the accumulation of daily storage fees for the container. The container ultimately arrived in Togo several months later, but it was not released to Karim-Seidou because of the accumulated fees, which Karim-Seidou contends he should not have had to pay.

---

[1] Because we write primarily for the parties, we will recite only the facts necessary for this discussion. These facts are undisputed unless otherwise noted.

Karimas brought a counseled lawsuit in state court regarding this conflict against CMA CGM, Troy, and the freight forwarder; it was removed to federal court. In 2021, the United States District Court for the District of Connecticut concluded that Karimas was bound by the forum selection clause in CMA CGM's and Troy's bills of lading, making the Tribunal de Commerce de Marseille in France the sole proper forum for Karimas to pursue its claims. See Karimas Imp. Exp., LLC v. Guaranteed Int'l Shipping LLC, No. 3:19-cv-01447, 2021 WL 9409508, at *8-9 (D. Conn. July 27, 2021). Accordingly, the District Court did not address the merits of its claims. Karimas did not appeal.

In 2023, Karim-Seidou initiated the underlying pro se federal lawsuit on his own behalf against Troy and CMA CGM. In his initial complaint, he claimed that defendants (1) committed larceny, "false pretenses [l]arceny," and fraud in violation of 10 U.S.C. § 921 and 41 U.S.C. § 6503, and (2) breached their contract in violation of "article 1170 of the United States civil code." Compl. at 10-18. Karim-Seidou then filed an amended complaint in which he instead raised two claims pursuant to 42 U.S.C. § 1983, asserting that his constitutional rights were violated by defendants' actions. On defendants' motions, the District Court dismissed Karim-Seidou's claims with prejudice and without leave to amend. Karim-Seidou timely appealed. **Dkt. No. 104.**

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review

over the District Court's dismissal of Karim-Seidou's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). See Fowler v. UPMC Shadyside, 578 F.3d 203, 206 (3d Cir. 2009). Dismissal is appropriate "if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that [the] plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). We may affirm on any basis in the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

We agree with the District Court's dismissal of Karim-Seidou's claims. As the District Court properly concluded, he cannot bring § 1983 claims against private entities Troy or CGM CMA, as he has not provided factual allegations suggesting that they were state actors for purposes of § 1983. See Benn v. Universal Health Sys., Inc., 371 F.3d 165, 169-73 (3d Cir. 2004). Karim-Seidou made conclusory statements that Troy and CGM CMA acted under color of state law, but that is insufficient to avoid dismissal.[2] See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Karim-Seidou now contends that the District Court misunderstood his amended complaint to be replacing his initial set of claims with § 1983 claims, as he argues that he

---

[2] We note that Karim-Seidou filed a reply brief and an amended reply brief without requesting leave to file the amended brief. Regardless of which filing we consider, however, we do not consider arguments and allegations Karim-Seidou raises for the first time in reply to appellees' briefs. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017).

4

did not understand the implications of framing his claims in this way. He contends that the original framing of his claims would withstand dismissal.

However, even if the District Court had considered the claims Karim-Seidou had brought in his original complaint, dismissal would have been appropriate. The statutes that he purported to rely on in bringing his claims have no connection to his allegations. See 10 U.S.C. § 921 (defining larceny under the Uniform Code of Military Justice); 41 U.S.C. § 6503 (describing remedies in the event of a breach of required contract terms involving a contract with a United States agency). His remaining citation — to "article 1170 of the United States civil code" — does not refer to any federal statute. See Compl. at 16, 18. Accordingly, his original complaint also did not present any claims for which relief could be granted.

Finally, Karim-Seidou had two opportunities to properly frame his claims in this case and has not otherwise raised anything in the District Court or on appeal suggesting that he could state a claim if given another chance. Under these circumstances, the District Court did not abuse its discretion in denying Karim-Seidou further leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] We grant Appellees' motions to file supplemental appendices with additional documents that were part of the District Court record.