**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2255
_____

UNITED STATES OF AMERICA

v.

MARK ERIC ICKER,

 Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-19-cr-00338-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on August 31, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 4, 2023)

_____

PER CURIAM

Federal prisoner Mark Icker appeals pro se from an order of the District Court denying various motions related to his previous motions for compassionate release. The Government has filed a motion for summary affirmance. For the following reasons, we grant the Government's motion and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Icker, a former police officer, is currently serving a term of 180 months of imprisonment pursuant to his July 2020 conviction for two counts of Deprivation of Rights Under Color of Law, in violation of 18 U.S.C. § 242. In April of 2022, Icker filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), based on his medical conditions and the COVID-19 pandemic. The District Court denied that motion and, on appeal, this Court summarily affirmed. See C.A. No. 22-2486. Icker also filed a motion for reconsideration, which the District Court denied. This Court again summarily affirmed the District Court's denial of reconsideration. See C.A. No. 23-1410.

Subsequently, Icker filed a "renewed motion for compassionate release," arguing that reconsideration was warranted based on new evidence that was unavailable when he filed

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

his prior motions for compassionate release. Icker also filed a motion for appointment of counsel, a motion to expedite, a motion for recusal, and another motion for compassionate release. In one order, the District Court denied all his motions. The denial of his new motion for compassionate release was without prejudice to filing another motion after exhausting administrative remedies. Icker appeals.

## II.

We have appellate jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of Icker's motion for reconsideration, see United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010), his motion for appointment of counsel, see Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997), and his motion for recusal, see Butt v. United Bhd. Of Carpenters & Joiners of Am., 999 F.3d 882, 891 (3d Cir. 2021). We likewise review a district court's decision denying a motion for compassionate release for abuse of discretion and will not disturb that decision absent "a definite and firm conviction that [the District Court] committed a clear error of judgment." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks omitted). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

Section § 3582(c)(1) authorizes compassionate release based on an "extraordinary and compelling" reason, provided the District Court makes a favorable assessment after

3

considering the § 3553(a) factors and any applicable policy statements. See Pawlowski, 967 F.3d at 329 & n.6. Reconsideration is warranted where the movant shows that (1) there has been "an intervening change in the controlling law," (2) there is new evidence that bears on the district court's underlying decision, or (3) there is a "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

As the District Court explained, Icker's "new evidence" related to his claim that he was receiving inadequate medical care in prison, which the court had already addressed at length. The District Court additionally stated that, in any event, "a fresh consideration" of the § 3553(a) factors counseled against granting compassionate release. See ECF No. 86 at 3. Specifically, the court cited "the reprehensible nature of [Icker's] offenses, the need to promote respect for the law, the need to provide just punishment, and the need to afford adequate deterrence to his disturbing criminal conduct" as factors counseling against his release. See id. The District Court thus considered the appropriate factors and did not abuse its discretion in denying Icker's motion for reconsideration.

Next, the District Court's denial of Icker's motion for recusal under 28 U.S.C. § 144 does not present a substantial issue. To the extent that Icker's motion can be considered an "affidavit" filed pursuant to § 144, it was not sufficient to show that the District Judge had personal bias or prejudice against him. And, regardless of whether he sought relief under § 144 alone or also sought recusal under 28 U.S.C. § 455, legal rulings, even if erroneous, "alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). We further agree that a stray

4

comment made by the court at sentencing regarding police officers, cited without context, does not show a general bias against law enforcement officers or a specific bias against Icker. See id. (explaining that "judicial remarks during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge"). And because Icker's motions for reconsideration and recusal lacked merit, and, as the District Court noted, Icker has demonstrated that he is capable of representing himself, the District Court did not abuse its discretion in denying his motion for appointment of counsel. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Finally, the District Court properly dismissed without prejudice Icker's most recently filed motion for compassionate release. Before filing his motion, which comprised new arguments and asserted additional facts not included in his prior motions, he was required to ask the Bureau of Prisons ("BOP") to do so on his behalf and give the BOP 30 days to respond, see United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020), which he admittedly did not do.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. I.O.P. 10.6.

5