DLD-092                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2946
_____

STEPHEN LAMBERT,
                                               Appellant

v.

ROSS CASTEEL, York City Police Officer, Badge #103
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-01220)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 27, 2025

Before: RESTREPO, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: March 24, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Stephen Lambert appeals the District Court's order granting Appellee's motion to dismiss his amended complaint. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this matter and the allegations of Lambert's complaints are well-known to the parties, set forth in the Magistrate Judge's Report and Recommendation, and need not be discussed at length. Briefly, in 2022, Lambert filed a complaint against Appellee Officer Ross Casteel and the York City Police Department. He alleged that in 2019, Officer Casteel refused to let Lambert file a report for a sexual assault. He asserted that he was given a rectal examination in an emergency room and the exam was performed by someone Lambert "believed to be FBI." He asked for damages and for criminal charges to be brought against the parties involved. The Defendants filed a motion to dismiss the complaint. A Magistrate Judge, sitting by consent, granted the motion and dismissed some claims with prejudice as time-barred, dismissed the claims against the York City Police Department with prejudice, and gave Lambert the opportunity to file an amended complaint.

Lambert filed an amended complaint against Officer Casteel. This time, he added allegations that, at the direction of the FBI, a doctor injured Lambert during eye surgery in June 2022. He also asserted that the FBI interfered with his seeing a nerve specialist. Appellee Officer Casteel moved to dismiss the complaint. A Magistrate Judge

2

recommended that the motion be granted.[1]  The District Court adopted the Report and Recommendation and dismissed the amended complaint with prejudice.  Lambert filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting the motion to dismiss.  See Simko v. United States Steel Corp., 992 F.3d 198, 203-04 (3d Cir. 2021).  We accept the facts alleged in the complaint as true and draw all reasonable inferences in Lambert's favor.  Id. at 204.  Summary action is appropriate if there is no substantial question presented in the appeal.  See 3d Cir. L.A.R. 27.4.  We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court did not err in determining that Lambert's allegations against Officer Casteel do not state a claim for relief.  Lambert alleges that Officer Casteel made him more vulnerable to harm by failing to accept Lambert's complaint.  There is, however, no affirmative obligation on the state to protect its citizens.  Bright v. Westmoreland Cty, 443 F.3d 276, 280 (3d Cir. 2006).  Likewise, Lambert has not alleged a claim of state-created danger because he has not alleged that Casteel affirmatively used

---

[1] Initially, another Magistrate Judge granted the motion to dismiss, and Lambert appealed.  We dismissed the appeal for lack of jurisdiction because the parties had not consented to proceed before the other Magistrate Judge.

his authority in a way that created a danger to Lambert.  See Sauers v. Borough of Nesquehoning, 905 F.3d 711, 717 (3d Cir. 2018) (describing elements for a state-created danger claim).[2]  Moreover, there is no federal right to require the government to initiate criminal proceedings. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

For the above reasons, we will summarily affirm the District Court's order.  See 3d Cir. I.O.P. 10.6.  Lambert's motion for the appointment of counsel is denied.

---

[2] Further, since Lambert failed to show a constitutional "violation in the first place, there can be no derivative municipal claim."  Mulholland v. Gov't Cnty. of Berks, Pa., 706 F.3d 227, 238 n.15 (3d Cir. 2013).